THE STATE OF OHIO, APPELLANT, *v.* YATES, APPELLEE.

[Cite as State *v.* Yates (1991), 58 Ohio St. 3d 78.]

(No. 90-440—Submitted January 23, 1991—Decided March 13, 1991.)

*Arthur M. Ney, Jr.*, prosecuting attorney, *David L. Prem* and *Ronald W. Springman, Jr.*, for appellant.

*Robert R. Hastings, Jr.*, for appellee.

*Per Curiam.* We adopt the decision of the court of appeals, which decision is attached as an Appendix to this opinion, and affirm the decision of the court of appeals for the reasons stated therein.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

HOLMES and RESNICK, JJ., dissent.

### Appendix

*Per Curiam.* The defendant-appellant, Michael C. Yates, was charged in two separate indictments with four counts of gross sexual imposition. In response to the first indictment (C.P. No. B-834524), the defendant entered a plea of no contest and was found guilty as charged. In response to the second indictment (C.P. No. B-840328), the defendant requested a bench trial and was subsequently found guilty of two counts of gross sexual imposition (a third count was dismissed).

On April 4, 1984, the defendant was sentenced to a two-year term of imprisonment on each of the two counts in case No. B-840328. The trial court also sentenced the defendant to two years' incarceration for his conviction in case No. B-834524. The trial court then suspended execution of the sentences and placed the defendant on probation for a period of four and one-half years. In addition, the defendant was ordered to serve two consecutive one-hundred-eighty-day terms of incarceration in the Community Correctional Institute ("CCI").

On March 11, 1985, the trial judge granted a motion to mitigate the sentences and the defendant was released from CCI nine days early. On November 22, 1988, an entry was placed of record declaring the defendant to be an absconder. A charge of probation violation was filed against the defendant on December 7, 1988, and a hearing was conducted on the matter five days later. A motion to dismiss for lack of jurisdiction was made at that time and was overruled. The defendant was subsequently found guilty of violating the terms of his probation.[1] The trial judge terminated defendant's probationary term and imposed the sentences previously suspended. The defendant now appeals.

In his sole assignment of error, the defendant alleges the trial court erred in overruling his motion to dismiss the probation violation charge for lack of jurisdiction. We agree.

Our review of the record reveals that the defendant was placed on probation for a period of four and one-half years. This term of probation began on April 4, 1984 and ended on October 4, 1988. The entry declaring the defendant an absconder was not placed of record until November 22, 1988. There were no other alleged violations prior to this entry and the probationary period was not extended.[2]

---

[1] The defendant was convicted in Montgomery County of three counts of gross sexual imposition and one count of importuning.

[2] We are mindful that the state attempted to extend the defendant's term of probation for an additional six months; however, the entry purporting to do so was not placed of record until October 14, 1988 — after the termination of defendant's probation period.

Accordingly, because the state failed to initiate probation violation proceedings during the original probation period, we conclude that the trial court lost its jurisdiction to impose the suspended sentences once the term of probation expired. *State* v. *Simpson* (1981), 2 Ohio App. 3d 40, 2 OBR 44, 440 N.E. 2d 617.

The judgment of the trial court is reversed and the defendant is discharged from further proceedings concerning the probation violation charge lodged against him.

*Judgment accordingly.*

KLUSMEIER, P.J., HILDEBRANDT and UTZ, JJ., concur.

ALICE ROBIE RESNICK, J., dissenting. I would reverse the decision of the court of appeals, in that it is quite clear from the entries contained in the court's journal in the instant case that the trial judge stayed execution of sentence on April 4, 1984 for thirty days. This stay applied to the entire sentence. Hence, the probationary period did not commence until May 4, 1984. The entry of October 14, 1988 extending the appellee's probation for a period of six months was done within the original probationary period since the probation did not terminate until November 4, 1988. As a result the probation violation was filed timely.

HOLMES, J., concurs in the foregoing dissenting opinion.