OPINION
Defendant-appellant Scott J. Uskert appeals from the October 5, 1999, Judgment Entry of the Ashland Municipal Court finding defendant-appellant guilty of violating the terms of his probation and reimposing defendant-appellant's suspended sentence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On March 6, 1997, appellant was charged with operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1) and driving with a prohibited concentration of alcohol in violation of R.C.4511.19(A)(3). After testing positive for alcohol during a breath test, appellant was placed under an administrative license suspension and his driver's license was seized pursuant to R.C. 4511.191. At his arraignment on March 11, 1997, appellant entered a plea of not guilty to the charges. On April 14, 1997, appellant withdrew his not guilty plea and entered a plea of no contest to the charge of driving with a prohibited concentration of alcohol in violation of R.C. 4511.19(A)(3). Thereafter, appellant was sentenced to serve 60 days in jail with 57 of those days suspended, was placed on probation for a period of one year and was ordered to pay a fine of $300.00. The trial court, which also suspended appellant's driver's license for a period of one year, vacated the administrative license suspension. However, the trial court did not vacate the $250.00 reinstatement fee which, if not paid, would operate to continue the administrative license suspension. Appellant, on April 22, 1997, filed a Motion to Appeal Administrative License Suspension and Reinstatement Fee. Appellant, in his motion, argued that R.C.4511.191(L)(2), the portion of the Administrative License Suspension statute requiring him to pay a $250.00 reinstatement fee, was unconstitutional. After the trial court, pursuant to an Opinion and Judgment Order filed on May 6, 1997, overruled appellant's motion, appellant filed a timely notice of appeal with this Court indicating that he was challenging the constitutionality of R.C. 4511.191(L)(2). Subsequently the trial court, as memorialized in a Judgment Order filed on June 12, 1997, ordered that the payment of the reinstatement fee be stayed during the pendency of appellant's appeal. Pursuant to an Opinion filed on December 19, 1997, in case no. 97 COA 01219, this Court, finding that failure to vacate appellant's reinstatement fee would "be a tacit recognition of the suspension in violation of the United States and Ohio Constitutions", reversed the judgment of the Ashland Municipal Court and remanded appellant's case to the trial court with instructions to vacate the administrative license suspension reinstatement fee. After appellee filed an appeal with the Ohio Supreme Court, the trial court, pursuant to a Judgment Order filed on February 5, 1998, ordered that "all proceedings in this matter are stayed pending the outcome of the State's appeal." This Court, as memorialized in a Judgment Entry filed on March 2, 1998, sustained appellant's motion for stay of execution of our judgment pending appeal. Subsequently, the Ohio Supreme Court reversed the judgment of this Court, finding that the reinstatement fee of former R.C.4511.191(L)(2) was not unconstitutional. See State v. Uskert (1999),85 Ohio St.3d 593. The Ohio Supreme Court, in its decision, remanded appellant's case to the trial court "so that it may lift the stay on the reinstatement fee and order that the defendant is required to pay it." Id at 601. Thereafter, the trial court, pursuant to a Judgment Order filed on June 14, 1999, terminated the stay "previously granted as to the Defendant's payment of the reinstatement fee" and ordered appellant to pay such fee. The trial court also scheduled a status hearing for June 29, 1999, to determine whether appellant had failed to comply with the terms of his probation. On July 2, 1999, a "Charge of Probation Violation" was filed in the case sub judice stating that appellant had violated the terms of his probation by "being convicted on July 21, 1997, in Ashland Municipal Court of Driving Under the Influence in violation of O.R.C. Section 4511.19(A)(3). Case Number 97-TR-C-05838." Following a probation violation hearing held on September 27, 1999, the trial court, as evidenced by a Judgment Entry filed on October 5, 1999, found appellant guilty of violating the terms of his probation and reimposed appellant's suspended sentence. The trial court, in its October 5, 1999, Judgment Entry, stated as follows: The Court finds that the Defendant filed an appeal of the Court's ruling concerning payment of the BMV reinstatement fees. The Court of Appeals overturned this ruling and ordered that the Defendant not be required to pay said reinstatement fees. From this judgment the State of Ohio appealed to the Ohio Supreme Court. At such time that the State's appeal was filed in the Supreme Court, this Court ordered a stay of all proceedings. This stay remained in effect until the judgment by the Ohio Supreme Court was rendered. During the time that all proceedings including the probation imposed on the Defendant in this case had been stayed the Defendant was subsequently arrested for another charge for operating a motor vehicle with an illegal breath alcohol concentration. The Court finds that because of this stay the probation department could do nothing to prosecute the violation of the terms of probation in this case until the Supreme Court had decided the issues. The Court, therefore, finds further that at the time that this probation violation was filed the Defendant was still under probation. Since the Defendant had been convicted of a second OMVI offense while on probation it is the order of this Court that the Defendant is found guilty of violating the terms of his probation and the suspended sentence is imposed.
It is from the trial court's October 5, 1999, Judgment Entry that appellant prosecutes his appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED WHEN IT VIOLATED THE TERMS OF DEFENDANT'S PROBATION AFTER HIS PROBATION HAD EXPIRED.
 I
Appellant, in his sole assignment of error, contends that the trial court lacked jurisdiction to revoke appellant's probation and to reimpose appellant's suspended sentence. Appellant specifically argues that since his one year term of probation in the case sub judice would have expired on April 14, 1998, had there not been an appeal, appellee did not timely file a probation violation. As is stated above, appellant was sentenced on April 14, 1997, to 60 days in jail with 57 of those days suspended by the trial court. On the same date, the trial court placed appellant on probation for a period of one year. Thus, appellant's probationary period commenced on April 14, 1997. After the trial court denied his Motion to Appeal Administrative License Suspension and Reinstatement Fee, appellant, on June 6, 1997, filed a Notice of Appeal with this Court. Thereafter, the trial court, pursuant to a Judgment Order filed on June 12, 1997, stayed the reinstatement fee "during the pendency of Defendant's appeal." Shortly thereafter, on July 8, 1997, appellant was arrested for violating R.C. 4511.19(A)(3). Subsequently, pursuant to an Opinion filed on December 19, 1997, this court reversed the judgment of the trial court and remanded appellant's case to the trial court with instructions to vacate the administrative license suspension reinstatement fee. After appellee appealed such decision to the Ohio Supreme Court, the trial court, as memorialized in a Judgment Order filed on February 5, 1998, ordered that all proceedings in appellant's case be stayed pending the outcome of appellee's appeal. Following the Ohio Supreme Court's decision, a probation violation charge was filed against appellant on July 2, 1999. The trial court, after finding appellant guilty of the same, reimposed appellant's suspended sentence on September 27, 1999. A trial court's jurisdiction to impose a suspended sentence ceases once the term of probation has expired. State v. Yates (1991),58 Ohio St.3d 78, 80. See also State v. Jackson (1995),106 Ohio App.3d 345. The trial court may retain jurisdiction if the probationary period is extended or if the probation is tolled. See R.C.2951.07. When the probationary period ends, the subject matter jurisdiction of the sentencing court terminates, even if the alleged probation violation occurred during the period of probation and could have resulted in revocation of probation if timely prosecuted. See State v. Jackson (1988), 56 Ohio App.3d 141, syllabus. In the case sub judice, appellant's one year probationary period, which commenced on April 14, 1997, was scheduled to expire on April 14, 1998. No probation violations were filed during such period. Nor was the probationary period ever extended by the trial court. While the trial court's February 5, 1998, Judgment Entry stated that "all proceedings" were stayed pending appellant's appeal, such entry did not clearly and unambiguously give notice to appellant and his probation officer that appellant's probation was stayed during such time. Any ambiguity in the language regarding sentencing should be construed in appellant's favor. See, for example, City of Hamilton v. Adkins (1983), 10 Ohio App.3d 217. Since the state failed to initiate probation violation proceedings until July 2, 1999, which is outside of the original one year probationary period, the trial court had no jurisdiction to impose appellant's suspended sentence. See Yates, supra. Even assuming that the stay of "all proceedings" issued on February 5, 1998, stayed probation, the trial court lacked jurisdiction to find a violation of probation and impose the suspended sentence. This conclusion is reached even though, the probation violation allegation would have been timely filed under this interpretation of the February 5, 1998, stay. As is stated above, on April 14, 1997, appellant's sentence was suspended and appellant was placed on probation for a period of one year. Subsequently, after an appeal was filed with the Ohio Supreme Court, the trial court, as memorialized in a Judgment Entry filed on February 5, 1998, stayed "all proceedings" pending the outcome of the State's appeal to the Ohio Supreme Court. Once the Supreme Court's decision was issued on June 2, 1999, probation was back in effect. Thereafter, on July 2, 1999, a probation violation charge was filed against appellant and a probation violation hearing was held on September 27, 1999. By the time the stay of "all proceedings" was imposed on February 5, 1998, appellant had been on probation for approximately ten months (from April 14, 1997, to February 5, 1998). Thus, appellant only had approximately two months left on probation before his one year term of probation expired. The trial court in its October 5, 1999, Judgment Entry stated that the "stay remained in effect until the judgment of the Ohio Supreme Court was rendered." The judgment of the Ohio Supreme Court was rendered on June 2, 1999. Therefore, the stay was no longer in effect after June 2, 1999, and the prior orders of the trial court were in effect and the appellant was back on probation. The probation violation filed on July 2, 1999, was filed during the probationary period. The probation violation hearing was not held until September 27, 1999, over three months after June 2, 1999. Thus, by the time of the September 27, 1999, probation hearing, appellant had finished serving his one year term of probation. Since appellant's one year term of probation had expired prior to the September 27, 1999, hearing, the trial court lacked jurisdiction to impose appellant's suspended sentence at the time of the September 27, 1999, hearing. See Yates, supra. As noted by this court in Jackson, supra., R.C. 2951.09 provides that "[a]t the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases." Id. at 142. At such time, the trial court "loses its legal power to act." Id. The cases cited above deal with a slightly different fact pattern than the case sub judice. In the cited cases, there were no probation violations filed prior to the expiration of the term of probation. However, in State v. Jones (1997),123 Ohio App.3d 144, a motion to terminate probation was filed during the defendant's probationary period, but the hearing on that motion was not held until after the probationary period had ended. The court in Jones cited State v. Jackson (1988), 56 Ohio App.3d 141 in holding that once the probationary period had ended, the trial court's subject matter jurisdiction had ended, and the trial court was without jurisdiction to act after the probationary period had ended. The State in Jones had argued that probation had been extended by the timely filing of a motion to terminate probation and an order of arrest filed by the Adult Probation Department. The Court of Appeals in Jones disagreed and found those actions insufficient to extend the probationary period. The Jones decision is supported by the language in R.C. 2951.07 which states the circumstances under which the probation period is tolled: ". . . If the probationer absconds or otherwise absents himself or herself from the jurisdiction of the court without permission from the county department of probation or the court to do so, or if the probationer is confined in any institution for the commission of any offense whatever, the probation period ceases to run until such time as the probationer is brought before the court for its further action." (Only a portion of this statute is quoted.)
There is nothing in the record of the case sub judice filed prior to the expiration of probation that shows that appellant had absconded, was absent from the jurisdiction without permission or was confined in any institution for commission of an offense. Therefore, probation terminated prior to the hearing held on the probation violation, and the trial court had no jurisdiction to impose sentence. In other words, there was no action taken which stopped the running of the probationary period. Appellant's sole assignment of error is, therefore, sustained. Based on the foregoing, the judgment of the Ashland Municipal Court is reversed and appellant is discharged from further proceedings concerning the July 2, 1999, probation violation charge.
Edwards, J. and Hoffman, P.J. concur/concurs separately. Farmer, J. dissents