[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 549.]

DAVIS, APPELLEE, *v.* WOLFE, WARDEN, APPELLANT.

[Cite as *Davis v. Wolfe*, 2001-Ohio-1281.]

*Habeas corpus sought to release petitioner from Noble Correctional Institution—*
*Court of appeals' grant of writ and order releasing petitioner from*
*confinement affirmed.*

(No. 01-182—Submitted July 17, 2001—Decided August 15, 2001.)

APPEAL from the Court of Appeals for Noble County, No. 279.

_____

*Per Curiam.*

{¶ 1} On March 26, 1993, the Coshocton County Court of Common Pleas sentenced appellee, Richard Hayden Davis, upon his conviction of six counts of vandalism and three counts of criminal damaging to an aggregate prison term of six years plus six months in county jail. The common pleas court suspended the prison sentence and placed Davis on probation for five years beginning on the date of sentencing. On October 7, 1993, the common pleas court revoked Davis's probation and reimposed his original sentence. On January 12, 1994, the common pleas court granted Davis shock probation and again placed him on probation for five years commencing on March 26, 1993.

{¶ 2} On October 26, 1997, Davis was arrested on a domestic violence charge and was incarcerated until December 6, 1997, when he was released on bond. On November 12, 1997, the state of Ohio filed a motion to revoke Davis's probation. On November 28, 1997, the common pleas court found, based on Davis's admission, that there was probable cause to believe that Davis had violated his probation and released Davis on that charge on a personal recognizance bond.

{¶ 3} On March 9, 1998, the common pleas court held a hearing on the state's motion to revoke Davis's probation. At the hearing, the parties jointly

requested that the court toll Davis's probationary period, which was scheduled to expire at the earliest on March 26, 1998, pending the resolution of the charge of domestic violence. At the time of this hearing, Davis had pleaded no contest to the charge and had been enrolled in a diversion program for domestic violence offenders. On March 10, 1998, the common pleas court issued an entry in which it continued the probation revocation matter until the state notified the court of a final disposition of the domestic relations charge, and the court further tolled Davis's probationary period until the state reinstated it by motion.

{¶ 4} In addition, at various times from February 2, 1997 through February 4, 1999, Davis was jailed on other matters, including theft charges. His total incarceration on these misdemeanor matters, including the time he spent in jail on the domestic violence charge, was ninety-six days.

{¶ 5} On September 18, 1998, Davis completed the diversion program and the domestic violence case was dismissed.

{¶ 6} In February 1999, the state filed a motion to reinstate Davis's probation. On April 26, 1999, the common pleas court revoked Davis's probation because he had failed to pay the restitution and court costs previously ordered as a condition of his probation. The court reinstated Davis's original sentence.

{¶ 7} In June 2000, Davis filed a petition in the Court of Appeals for Noble County for a writ of habeas corpus to compel appellant, his prison warden, Jeffrey A. Wolfe, Warden of the Noble Correctional Institution, to release him immediately from prison. Davis claimed that the common pleas court lacked jurisdiction to revoke his probation and sentence him to prison because his probationary period had expired. After the court of appeals denied Wolfe's motion to dismiss, Wolfe filed an answer. In January 2001, the court of appeals granted the writ and ordered Davis released from confinement.

{¶ 8} In his appeal of right, Wolfe asserts that the court of appeals erred in granting the writ. More specifically, Wolfe contends that Davis's probationary

period was tolled by R.C. 2951.07 and the common pleas court, that Davis invited any error by requesting that the period be tolled, and that Davis has an adequate legal remedy by appeal. For the foregoing reasons, we find Wolfe's contentions to be meritless and affirm the judgment of the court of appeals.

{¶ 9} R.C. 2951.09 specifies that "[a]t the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged." Discharge is required even if the alleged probation violation occurred during the probationary period and could have resulted in a valid probation revocation and imposition of sentence if it had been timely prosecuted. *Kaine v. Marion Prison Warden* (2000), 88 Ohio St.3d 454, 455, 727 N.E.2d 907, 908.

{¶ 10} R.C. 2951.07 provides that the probationary period may be tolled "[i]f the probationer absconds or otherwise absents himself or herself from the jurisdiction of the court without permission from the county department of probation or the court to do so, or *if the probationer is confined in any institution for the commission of any offense whatever*." (Emphasis added.) If either of the foregoing applies, "the probation period ceases to run until such time as the probationer is brought before the court for its further action." *Id.*

{¶ 11} Wolfe contends that the probationary period was automatically tolled by R.C. 2951.07 from the October 26, 1997 date of his arrest on the domestic violence charge until the common pleas court took further action on April 26, 1999, by revoking his probation. Davis, however, was brought before the common pleas court for further action on November 28, 1997, when the court released him on a personal recognizance bond. Therefore, the domestic relations charge did not toll the probationary period under R.C. 2951.07 after November 28, 1997.

{¶ 12} Wolfe next asserts that the common pleas court properly tolled the probationary period by its March 10, 1998 entry that continued the probation revocation matter. In support of his assertion, Wolfe cites cases that involve that

portion of R.C. 2951.07 regarding probationers who abscond or absent themselves from the court's jurisdiction. See *State v. Wallace* (1982), 7 Ohio App.3d 262, 7 OBR 342, 454 N.E.2d 1356, and *Columbus v. Keethler* (Nov. 7, 1995), Franklin App. Nos. 95APC04-399 and 95APC04-400, unreported, 1995 WL 656921. These cases hold that the tolling of the probationary period under R.C. 2951.07 relating to a defendant who has absconded can be accomplished by a timely filed statement of violations or motion to revoke probation and a timely filed warrant, capias, or summons. See *State v. Jones* (1997), 123 Ohio App.3d 144, 148, 703 N.E.2d 833, 835. But these cases are inapplicable here, where there is no argument that Davis absconded from the jurisdiction of his trial court.

{¶ 13} Nor is the doctrine of invited error applicable here. Under this doctrine, a party is not permitted to take advantage of an error that he himself invited or induced the court to make. *State ex rel. Soukup v. Celebrezze* (1998), 83 Ohio St.3d 549, 550, 700 N.E.2d 1278, 1280; *Lester v. Leuck* (1943), 142 Ohio St. 91, 26 O.O. 280, 50 N.E.2d 145, paragraph one of the syllabus. This doctrine, however, is merely a branch of the waiver doctrine. See, *e.g., Roberts v. Consolidation Coal Co.* (2000), 208 W.Va. 218, 539 S.E.2d 478, 488. And the issue of subject-matter jurisdiction, as raised by Davis in his habeas corpus action, cannot be waived and can be raised at any time. *State ex rel. Bond v. Velotta Co.* (2001), 91 Ohio St.3d 418, 419, 746 N.E.2d 1071, 1072; *State ex rel. Wilson-Simmons v. Lake Cty. Sheriff's Dept.* (1998), 82 Ohio St.3d 37, 40, 693 N.E.2d 789, 791. Therefore, the mere fact that Davis requested that the common pleas court toll the probationary period does not preclude him from asserting that the court lacked jurisdiction to do so.

{¶ 14} Finally, contrary to Wolfe's claim, Davis's pursuit of an appeal from the probation-revocation entry in this matter does not prevent the issuance of the writ. "When a court's judgment is void because the court lacked subject-matter jurisdiction, habeas corpus is generally an appropriate remedy despite the

4

availability of appeal." *Rash v. Anderson* (1997), 80 Ohio St.3d 349, 350, 686 N.E.2d 505, 506. See, also, *In re Lockhart* (1952), 157 Ohio St. 192, 195, 47 O.O. 129, 131, 105 N.E.2d 35, 37, and paragraph three of the syllabus.

{¶ 15} Davis's five-year probationary period, even assuming it was tolled for all of the time he was incarcerated following his probation, would have expired well before the common pleas court revoked his probation and reimposed his sentence in April 1999. Based on the foregoing, the common pleas court lacked jurisdiction to revoke his probation and sentence him on that date because his probationary period had already expired. R.C. 2951.09. The court of appeals thus properly granted the writ and ordered Davis's release from prison. Accordingly, we affirm the judgment of the court of appeals.[1]

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*David H. Bodiker*, State Public Defender, and *Siobhan O'Keeffe*, Assistant State Public Defender, for appellee.

*Betty D. Montgomery*, Attorney General, and *Diane Mallory*, Assistant Attorney General, for appellant.

_____

---

1. We also deny Davis's motion for oral argument. Davis neither established nor asserted any of the usual factors that might warrant oral argument. See *State ex rel. Woods v. Oak Hill Community Med. Ctr.* (2001), 91 Ohio St.3d 459, 460, 746 N.E.2d 1108, 1111.