JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Patryck Craig ("Craig") appeals the trial court's order imposing a prison term after finding that he violated the conditions of community control. Finding merit to this appeal, we reverse and vacate the sentence.
 {¶ 2} Craig pled guilty to one count of attempted escape. On June 4, 2001, he was sentenced to two years of community control. At the time of sentencing, Craig was on parole from a 1994 felonious assault case. The trial court adopted the conditions imposed for parole supervision as part of his community control sanction, which included alcohol and drug treatment.
 {¶ 3} On June 26, 2003, Craig was sentenced to three years in prison for violating the conditions of his community control, namely, failing to appear for a community control hearing and testing positive for marijuana on June 6, 2002 and August 1, 2002.
 {¶ 4} Craig appeals, raising three assignments of error.
 {¶ 5} Because we find the third assignment of error dispositive, we will address it first.
 {¶ 6} In his third assignment of error, Craig argues that the trial court lacked subject matter jurisdiction to impose a prison sentence because his community control had expired. The State concedes this error and we agree.
 {¶ 7} It is well settled that a trial court loses jurisdiction to impose any penalty for a defendant's violation of his community control sanctions once the defendant's term of community control has expired.State v. Lawless, Muskingum App. No. 03-CA-30, 2004-Ohio-5344, relying onDavis v. Wolfe, 92 Ohio St.3d 549, 2001-Ohio-1281 and State v. Yates
(1991), 58 Ohio St.3d 78; State v. Sharp, Cuyahoga App. No. 79230, 2002-Ohio-4028; State v. Ogletree (Aug. 2, 2001), Cuyahoga App. No. 78306. See, also, R.C. 2951.09 ("At the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged.").[1] In the instant case, Craig was sentenced on June 26, 2003, 22 days after the expiration of his community control period. Accordingly, because the trial court lacked jurisdiction to impose any sentence, we are constrained to vacate the sentence.
 {¶ 8} In finding that the trial court lacked jurisdiction to sentence Craig, the remaining assignments of error challenging his prison sentence are moot.
Judgment reversed and sentence vacated.
It is ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate issue from this court to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J. and Celebrezze, Jr., J. Concur.
[1] Since the passage of Am. Sub. S.B. No. 2, which changed Ohio's felony sentencing laws, "community control sanctions" have now essentially replaced the concept of "probation." State v. Evans, Meigs App. No. 00CA003, 2000-Ohio-2025; State v. Cooks (1997), 125 Ohio App.3d 116. Thus, in the context of this statute, the term "probation" has the same meaning as "community control."