DECISION AND JUDGMENT ENTRY
{¶ 1} These consolidated appeals are before the court from judgments of the Wood County Court of Common Pleas, which denied defendant-appellant Kathy Fairbank's motion to dismiss and ordered that her community control be terminated unsuccellfully. Because we find that the trial court lacked jurisdiction to extend appellant's community control, we find this appeal has merit.
 {¶ 2} On January 18, 2001, appellant pled guilty to the offense of theft in violation of R.C. 2913.02(A)(3), a fourth degree felony. On January 26, 2001, appellant was sentenced by the Wood County Court of Common Pleas to community control for a period of three years. As a condition of her community control, appellant was ordered to make restitution. On August 27, 2001, the restitution amount was determined to be $11,632.99. On February 4, 2004, the trial court filed a judgment entry extending appellant's community control "by one year or until January 26, 2006," for the limited purpose of allowing appellant additional time to complete her financial obligations. On October 7, 2005, the state filed a petition to revoke appellant's community control for appellant's failure to make restitution. Appellant's response included a request to dismiss the petition for revocation on the ground that the court lost jurisdiction of the matter when it failed to extend the period of community control before that period had expired. On January 17, 2006, the trial court denied appellant's motion to dismiss. Thereafter, on January 26, 2006, the trial court found appellant to be in violation of her community control and extended that community control for an additional sixth months. Then, on February 6, 2006, the trial court reversed its January 26, 2006 ruling, ordered that appellant's community control be terminated unsuccessfully, and ordered that appellant remain a disenfranchised citizen not eligible for expungement or restoration of the rights of citizenship.
 {¶ 3} On appeal, appellant challenges the trial court's judgments through three assignments of error:
 {¶ 4} "Assignment of Error I:
 {¶ 5} "The trial court abused its discretion in determining that appellant had violated the terms and conditions of her community control."
 {¶ 6} "Assignment of Error II:
 {¶ 7} "The trial court was without jurisdiction to hear the states [sic] petition and to effect any dispositional order after January 26, 2004."
 {¶ 8} "Assignment of Error III:
 {¶ 9} "The trial court erred in proceeding to enter two separate dispositional orders without hearing or the presence of counsel and the appellant."
 {¶ 10} Although appellant's assignments of error are interrelated, we find appellant's second assignment of error dispositive of the matters on appeal. Appellant argues that the trial court lacked jurisdiction to extend her community control and therefore was without jurisdiction to hear the petition for revocation filed on October 7, 2005. For the following reasons we agree.
 {¶ 11} A trial court loses its jurisdiction to impose a penalty for a defendant's violation of community control sanctions once the defendant's term under community control has expired. State v. Craig, 8th Dist No. 84861, 2005-Ohio-1194, ¶ 7, citing State v. Lawless, 5th Dist. No. 03-CA-30, 2004-Ohio-5344, relying on Davis v. Wolfe (2001),92 Ohio St.3d 549, and State v. Yates (1991), 58 Ohio St.3d 78. In Yates,
supra, the defendant's term of probation began on April 4, 1984, and ended on October 4, 1988. The state did not request an extension of the term of probation on the record until October 14, 1988. The court in Yates determined that, "because the state failed to initiate probation violation proceedings during the original probation period, * * * the trial court lost its jurisdiction to impose the suspended sentences once the term of probation expired." Id. at 80, citing State v. Simpson (1981),2 Ohio App.3d 40. Therefore, it is well settled that when the state fails to initiate community control violation proceedings during the original term of community control, the trial court loses its jurisdiction to extend that sanction.
 {¶ 12} Appellee argues, however, that appellant voluntarily entered into an agreement on January 26, 2004, with her probation officer to extend her community control. According to appellee, the agreement signed by appellant and her probation officer reads that the extension was "voluntary" and that appellant "understands" her period of supervision would be terminated when her obligations had been satisfied in full.
 {¶ 13} We first note that there is no document in the record to verify if or when appellant signed an agreement to extend her period of community control, even though the trial court stated in its February 4, 2004 judgment entry that appellant "has executed an agreement to extend her period of probation [sic] to allow her additional time to complete her financial obligation(s)." Regardless, for the following reasons, we find that such an agreement is not a legitimate method to extend a period of community control.
 {¶ 14} Community control is "a sanction that is not a prison term and that is described in section 2929.15, 2929.16, 2929.17, or 2929.18 of the Revised Code[.]" R.C. 2929.01(F). As such, community control is the sentence that the sentencing court deems is appropriate. State v. Whitaker, 2d Dist. Nos. 21003 21034,2006-Ohio-998, ¶ 10. When a court sentences an offender to community control, the offender is placed under the general control and supervision of the department of probation in the county that serves the sentencing court "for purposes of reporting to the court a violation of any condition of the sanctions." R.C. 2929.15(A)(2)(a). R.C. 2929.15(A)(2)(b) then provides that if an offender violates a condition of a community control sanction, the public or private person or entity that operates or administers the sanction or the program or activity that comprises the sanction shall report the violation or departure directly to the sentencing court or to the department of probation that supervises the offender, who shall then report the violation to the sentencing court. R.C. 2929.15(B) sets forth the actions that the sentencing court can take if the offender violates the conditions of a community control sanction: "the sentencing court may impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section, may impose a more restrictive sanction under section 2929.16,2929.17, or 2929.18 of the Revised Code, or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code."
 {¶ 15} Accordingly, nothing in the applicable statutes permits a probation officer to extend an offender's term of community control. Rather, the probation officer is to report the violation to the sentencing court which then has the authority to take the action set forth above. To extend the offender's term of community control, the probation officer must report the violation before the term of community control has expired.Yates, supra. In the present case, appellant's probation officer did not report the violation to the court before the term expired. In fact, the officer did not report any violation at all prior to the trial court's February 4, 2004, extension. The trial court, therefore, lost jurisdiction to take all of the action that it did on February 4, 2004 and beyond.
 {¶ 16} In addition to the lack of statutory support for the state's argument, we conclude that the state's attempt to extend appellant's term of community control through the use of a signed agreement did, under the facts of this case, violate appellant's rights to due process. As the court in State v. Stollings (May 11, 2001), 2d Dist. No. 2000-CA-86, stated: "* * * as with revocation hearings, when a trial court seeks to extend a community control sanction, or to modify the sanction by imposing a harsher sanction, it must provide the minimum due process rights of notice, hearing and right to counsel. However, also like revocation hearings, the hearing need not have all the formality of a criminal trial. The hearing must be sufficient to verify the allegations of violation of community control sanctions." There is nothing in the record before us that indicates appellant was provided with notice and a hearing regarding the extension of her community control sanction or, particularly, that appellant signed the agreement extending her community control after conferring with counsel.
 {¶ 17} For the reasons set forth above, appellant's second assignment of error is well-taken. Because the trial court had no jurisdiction to take any action after appellant's term of community control expired on January 26, 2004, the first and third assignments of error are also well-taken.
 {¶ 18} On consideration whereof, the judgments of the Wood County Court of Common Pleas are vacated. Appellee is ordered to pay the court costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal are awarded to Wood County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J., Pietrykowski, J. Singer, P.J., Concur.