OPINION *Page 2 
{¶ 1} Defendant-appellant Lloyd Justice appeals the June 23, 2008 Judgment Entry of the Fairfield County Municipal Court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On April 8, 2004, Appellant was convicted in the Fairfield County Municipal Court of operating a motor vehicle while under the influence of alcohol and/or drugs, in violation of R.C. 4511.19(A)(1). On June 22, 2004, the trial court sentenced Appellant to 180 days in prison, with 170 suspended, two years probation and ordered the completion of drug and alcohol counseling. Appellant filed an appeal from his conviction and sentence to this Court on July 22, 2004. The trial court's judgment entry indicates a "stay pending appeal."
 {¶ 3} On November 21, 2005, this Court affirmed Appellant's April 8, 2004 conviction.
 {¶ 4} On March 27, 2007, the trial court ordered Appellant's sentence begin immediately, with probation commencing March 22, 2007.
 {¶ 5} On June 4, 2007, the State moved the trial court to revoke Appellant's probation for failure to maintain good behavior, failure to serve the 10 day prison term imposed and failure to provide proof of receiving drug and alcohol assessment.
 {¶ 6} A warrant was issued for Appellant's arrest, and Appellant turned himself in to the authorities. Appellant served his ten day prison sentence from June 26, 2007 through July 6, 2007.
 {¶ 7} At a June 25, 2007 revocation hearing, the trial court found probable cause to revoke Appellant's probation, and ordered a second hearing on the matter. *Page 3 
Due to separate criminal charges pending against Appellant, the trial court continued the hearing numerous times.
 {¶ 8} On January 17, 2008, the State moved the trial court to amend the original motion to revoke to include new allegations.
 {¶ 9} On June 23, 2008, the trial court revoked Appellant's non-reporting probation and ordered Appellant remain on reporting probation until March 22, 2009.
 {¶ 10} Appellant now appeals the June 23, 2008 Judgment Entry, assigning as error:
 {¶ 11} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY REVOKING APPELLANT'S PROBATION AND SANCTIONING APPELLANT WHEN THE COURT NO LONGER HAD JURISDICTION OVER APPELLANT PURSUANT TO R.C. 2951.07."
 {¶ 12} Ohio Revised Code Section 2951.07 provides:
 {¶ 13} "A community control sanction continues for the period that the judge or magistrate determines and, subject to the five-year limit specified in section 2929.15 or 2929.25 of the Revised Code, may be extended. If the offender under community control absconds or otherwise leaves the jurisdiction of the court without permission from the probation officer, the probation agency, or the court to do so, or if the offender is confined in any institution for the commission of any offense, the period of community control ceases to run until the time that the offender is brought before the court for its further action."
 {¶ 14} At the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged. *Page 4 
Discharge is required even if the alleged probation violation occurred during the probationary period and could have resulted in a valid probation revocation and imposition of sentence if it had been timely prosecuted. R.C. 2951.09; Kaine v. Marion Prison Warden (2000),88 Ohio St.3d 454, 455, 727 N.E.2d 907.
 {¶ 15} In Davis v. Wolfe (2001), 92 Ohio St.3d 549, the Supreme Court held:
 {¶ 16} "Davis's five-year probationary period, even assuming it was tolled for all of the time he was incarcerated following his probation, would have expired well before the common pleas court revoked his probation and reimposed his sentence in April 1999. Based on the foregoing, the common pleas court lacked jurisdiction to revoke his probation and sentence him on that date because his probationary period had already expired. R.C. 2951.09. The court of appeals thus properly granted the writ and ordered Davis's release from prison."
 {¶ 17} In State v. McKinney (July 26, 2004), Fairfield App. No. 03CA083, this Court held:
 {¶ 18} "In the instant action, the trial court found Davis to be distinguishable as the State had initiated the probation revocation proceedings prior to the expiration of appellant's community control. Obviously, the State agrees with the trial court's conclusion, and in support cites this Court to State v. Yates (1991), 58 Ohio St.3d 78,567 N.E.2d 1306, for the proposition, "When a state initiates probation violation proceeding during the original probation period, the trial court retains jurisdiction to impose a suspended sentence once the term of probation expires." Brief of Appellee at 7. We find the State has loosely read the holding of Yates. The Yates Court concluded, "Because the State failed to initiate probation violation proceedings during the original *Page 5 
probation period, * * * the trial court lost its jurisdiction to impose the suspended sentences once the term of probation expired."Id. at 80, 567 N.E.2d 1306. The State suggests the converse of this is, therefore, Ohio law. We do not agree with such a reading. We find the fact the State initiated the probation violation proceedings during the original probation period does not extend the trial court's jurisdiction once the term of probation has expired. We find Davis applies."
 {¶ 19} In the case sub judice, Appellant's sentence was stayed pending his direct appeal to this Court. This Court affirmed Appellant's conviction on November 21, 2005. Therefore, Appellant's probation term expired on November 21, 2007. The trial court's March 27, 2007 Judgment Entry states:
 {¶ 20} "The Fifth District Court of Appeals had not rendered a decision on the appeal until November 16, 2005 [sic]. The original file that was given to the Court of Appeals was not returned to our Clerk of Court. It has been the practice of the Fairfield County Municipal Court Clerk of Court to not act on cases until the original file is returned from the Court of Appeals."
 {¶ 21} We disagree with the trial court's position Appellant's sentence was stayed pending return of the case file to the Municipal Court Clerk of Court. In fact, Appellant's sentence was stayed by the trial court "pending appeal." Upon the disposition of Appellant's appeal by this Court on November 21, 2005, we find the stay was automatically lifted and Appellant's two year probation term commenced.
 {¶ 22} Pursuant to Davis, Kaine and McKinney supra, we find the trial court had no jurisdiction to extend the term of Appellant's probation beyond November 21, 2007. *Page 6 
The trial court erred in extending Appellant's probation and imposing additional terms and conditions after November 21, 2007.
 {¶ 23} The June 23, 2008 Judgment Entry of the Fairfield County Municipal Court is reversed.
Hoffman, J., Farmer, P.J., and Edwards, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the June 23, 2008 Judgment Entry of the Fairfield County Municipal Court is reversed. *Page 1