[Cite as *State v. Rue*, 2019-Ohio-1720.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-T-0092** |
| LAMONT MAURICE RUE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2011 CR 00774

Judgment: Reversed and vacated.

*Dennis Watkins,* Trumbull County Prosecutor, and *Ashleigh Musick,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, Ohio 44481-1092 (For Plaintiff-Appellee).

*Michael A. Partlow,* 112 South Water Street, Suite C, Kent, Ohio 44240 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Lamont Maurice Rue, appeals the trial court's decision revoking community control and imposing a two-year prison term. We reverse and vacate.

{¶2} Rue raises one assignment of error:

{¶3} "The trial court erred as a matter of law by sentencing appellant to a two-year term of incarceration."

{¶4} Rue asserts the trial court lacked jurisdiction to impose a prison term for a community control violation because his community control had ended. The state contends Rue's community control had not ended but instead was tolled based on his failure to report to his probation officer.

{¶5} Whether a court has jurisdiction to hear a case is a matter of law that we review de novo. *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, 56 N.E.3d 913, ¶12.

{¶6} As Rue argues, a trial court generally lacks jurisdiction to revoke community control upon the expiration of the term, and any revocation of community control and sentence imposed thereafter must be vacated. R.C. 2929.15(A)(1); *Davis v. Wolfe*, 92 Ohio St.3d 549, 552, 751 N.E.2d 1051, 2001-Ohio-1281; *State v. Wright*, 2nd Dist. Darke No. 05-CA-1678, 2006-Ohio-6067, ¶16.

{¶7} R.C. 2929.15(A)(1) states:

{¶8} "The duration of all community control sanctions imposed upon an offender under this division shall not exceed five years. *If the offender absconds or otherwise leaves the jurisdiction of the court in which the offender resides without obtaining permission from the court or the offender's probation officer to leave the jurisdiction of the court*, or if the offender is confined in any institution for the commission of any offense while under a community control sanction, the period of the community control sanction *ceases to run until the offender is brought before the court for its further action."* (Emphasis added).

{¶9} Thus, although a defendant's community control supervision is not to exceed five years, community control "ceases to run" "if the offender absconds."

2

{¶10} The Supreme Court has held in addressing an analogous probation violation case that a trial court "loses jurisdiction" to impose a sentence if "the state fails to initiate probation violation proceedings during the original probation period * * *." *State v. Yates*, 58 Ohio St.3d 78, 80, 567 N.E.2d 1306 (1991). *Yates* adopted the holding of the court of appeals reversing the trial court's imposition of prison. It explained that a trial court *loses* jurisdiction to prosecute a probation violation unless revocation proceedings are instituted *during* the probationary period. *Id.* at 79.

{¶11} Thus, consistent with the persuasive authority in *Yates*, community control is not automatically tolled upon a defendant's "absconding" or his failure to report to his probation officer, as the state argues. Instead, "[i]t is well settled that when the state fails to initiate community control violation proceedings during the original term of community control, the trial court loses its jurisdiction to extend that sanction." *State v. Fairbank*, 6th Dist. Wood No. WD-06-015, 2006-Ohio-6180, ¶11.

{¶12} Further, the only reference in *Yates* is to the First District Court of Appeals' decision in *State v. Simpson*, 2 Ohio App.3d 40, 440 N.E.2d 617 (1st Dist.1981). In *Simpson,* the court of appeals addressed an appeal following the trial court's sua sponte extension of the defendant's term of probation without the knowledge of the defendant, and held:

{¶13} "When a defendant is placed on probation and absconds prior to the expiration of the probation period, but is not declared an absconder during such original probation period for purposes of tolling the probation period, the sentencing court cannot *sua sponte* extend defendant's period of probation without the knowledge of the probationer, his written acknowledgment of unsatisfactory compliance with the conditions

of his probation, or his assent to the extension thereof. Where no action is taken to institute a probation violation hearing during the original probation period, the sentencing court loses jurisdiction to impose the suspended sentence once the original probation period expires." *Id.* at syllabus.

{¶14} And *Simpson* predominantly relies on two United States Supreme Court decisions dealing with a parolee's right to due process, including written notice and an opportunity to be heard, when facing parole revocation. *Id.* at 41, citing *Gagnon v. Scarpelli* , 411 U.S. 778, 93 S.Ct. 1756 (1973), and *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593 (1972).

{¶15} Furthermore, in 2011, the Ohio Supreme Court in dicta seemingly extended its holding in *Yates* to community control revocation proceedings as well. *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014. Upon affirming the denial of a writ of prohibition, *Unruh* stated: "the [trial] court was authorized to conduct proceedings on the alleged community-control violations even though they were conducted after the expiration of the term of community control, *provided that the notice of violations was properly given and the revocation proceedings were commenced before the expiration.* See *State v. Breckenridge,* Franklin App. No. 09AP–95, 2009-Ohio-3620, 2009 WL 2196764, ¶7; *State v. Semenchuk,* Ross App. No. 10CA3140, 2010-Ohio-4864, 2010 WL 3904276, ¶6-7." (Emphasis added.) *Id.* at ¶13. Thus, because the state charged Hemsley with a community control violation *before* his community control expired, it had jurisdiction to decide if a tolling event occurred, and as such, a writ was not warranted because the trial court did not patently and unambiguously lack jurisdiction to proceed. *Id.*

{¶16} Consistent with *Unruh*, the Fourth District Court of Appeals in *State v. Semenchuk*, 4th Dist. Ross No. 10CA3140, 2010-Ohio-4864, ¶7, held that community control "revocation proceedings held after expiration of the stated term of community control" are permissible provided "that the notice of a violation and revocation proceedings are commenced prior to the expiration."

{¶17} Notwithstanding the foregoing, the state urges us to affirm the court's decision based on the Ninth District Court of Appeals' decision in *State v. Meyer*, 18 N.E.3d 805, 9th Dist. Summit No. 26999, 2014-Ohio-3705. *Meyer* also relies on the Ohio Supreme Court's decision in *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, but as the *Meyer* dissent points out, the majority overlooks *Unruh's* statement in paragraph 13 that revocation proceedings must be commenced *before* the term expires.

{¶18} Instead, *Meyer* relies on *Unruh's* statement that it was unclear whether the defendant's community control period had tolled due to possible absconding, and *Meyer* held that a court may still adjudicate this issue even if the proceeding to revoke community control are *not* instituted within the term of community control. *Meyer* explained that it is reasonable for a trial court to retain jurisdiction to determine if a tolling event occurred. *Id.* at ¶16.

{¶19} *Meyer* also heavily relies on the fact that unlike community control, probation was governed by the now-repealed R.C. 2951.09, which read in part: "At the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases, and the defendant shall be discharged." And because several

cases relied on this repealed provision for holding that probation revocation proceedings must be instituted prior to the expiration of the term, *Meyer* distinguished them.

{¶20} However, and unlike the cases cited by *Meyer*, neither the Supreme Court in *Yates* nor the court of appeals in *Yates* relies on this now-repealed provision. Further and more importantly, *Meyer* does not address *Yates,* and it does not address the due process concerns raised by *Yates.* Thus, we disagree with the holding in *Meyer,* and follow *Yates,* as good and persuasive law.

{¶21} Here, Rue pleaded guilty to burglary and was sentenced to five years community control June 5, 2012. His community control was originally due to end June 5, 2017. Thereafter, the docket shows that two separate warrants were issued for his arrest due to two separate probation violations.

{¶22} The first warrant for Rue's arrest was issued March 9, 2017. This violation was addressed in the trial court's April 27, 2017 judgment finding a probation violation after an April 20, 2017 hearing. The court's decision does not state that Rue's community control was tolled due to absconding and consequently does not address how long Rue's community control tolled as a result. The court orders Rue's community control to continue and imposes additional conditions that he make payments toward restitution and continue on community control until restitution is paid in full.

{¶23} Rue does not contest that he violated the terms of his community control in 2017 and concedes that his community control was tolled as a result. He asserts that his community control was tolled from the date the court issued a bench warrant for his arrest on March 9, 2017 until Rue was brought "before the court" on April 20, 2017, for a total of 42 days.

**{¶24}** The state, on the other hand, contends that Rue's community control was tolled for five months and 17 days, or 168 days, beginning November 3, 2016, the date he initially failed to report to probation, until Rue was "brought before the court" on April 20, 2017.

**{¶25}** The corresponding probation report for this first violation confirms that Rue failed to report as required by the terms of his community control beginning November 3, 2016 and that a warrant for his arrest was issued. He was arrested on March 20, 2017 and brought before the court April 20, 2017. There is no motion to revoke or written notice of a violation in the trial court's file, but the docket confirms that a warrant was issued March 9, 2017.

**{¶26}** There is likewise no transcript before us of the April 20, 2017, violation hearing, but regardless, neither party contends that the tolling of Rue's community control based on absconding was addressed at this first violation hearing.

**{¶27}** Assuming Rue's community control was tolled by the 168 days alleged by the state, then his community control would have terminated November 20, 2017, or the original termination date of June 5, 2017 plus 168 days.

**{¶28}** Issues triggered by the foregoing, but that we do not decide here, include (1) what is sufficient notice of a probation violation to satisfy due process concerns; (2) is a notation on the docket that a warrant was issued for a probation violation sufficient to "initiate" community control revocation proceedings; (3) does a trial court have to make an explicit finding that a defendant absconded and that community control was tolled; (4) and if so, must such an entry include the number of days that community control was tolled?

**{¶29}** We do not decide the foregoing issues because none is outcome determinative. Instead, we proceed under the best-case scenario for the state, and under the assumption that Rue's community control was tolled for 168 days as the state alleges, based on his first probation violation. And even proceeding on this assumption, the state's tolling argument fails because Rue's community control ended before the second probation violation proceedings were instituted against him.

**{¶30}** For Rue's second community control violation, a warrant was issued for his arrest December 18, 2017, based in part on his failure to report to probation from June 20, 2017 until his arrest on July 17, 2018. He was "brought before the court" for this violation on August 23, 2018. Thus, the state argues that Rue's community control "ceased to run" from the date he failed to report until he was brought before the court.

**{¶31}** The trial court held the second probation revocation hearing August 23, 2018, and Rue's counsel argued the court lacked jurisdiction. The trial court disagreed, stating in part that his community control was continued because he failed to pay restitution. While a court can extend a defendant's community control for the failure to pay restitution, if paying restitution is a condition of community control, a court cannot extend community control beyond the five-year limit in R.C. 2929.15(A)(1) for this reason. *State v. Sheesley*, 9th Dist. No. Summit, 27585, 2015-Ohio-4565, 46 N.E.3d 1134, ¶7.

**{¶32}** Upon addressing whether Rue's community control was tolled and whether the court had jurisdiction to revoke his community control, the following exchange occurred:

**{¶33}** [Rue's attorney]: "to clarify, we believe the max amount of community control that could be imposed is five years, and that even with - - that it couldn't be extended beyond that five years. And the one month it was tolled for the previous warrant would still have been expired before the second [probation] violation.

**{¶34}** "THE COURT: The Court disagrees with you. It was continued as a sanction for multiple violations before."

**{¶35}** Aside from its apparent finding on this issue at the hearing, the court's corresponding judgment is silent on tolling and whether it had jurisdiction to terminate Rue's community control. The trial court notes it considered the probation reports in its judgment entry: "the Court has considered the record, the violations in the probation status report * * *." Although probation reports are hearsay, the Rules of Evidence do not apply to community control proceedings. Evid.R. 101(A)(3).

**{¶36}** Notwithstanding the trial court's finding that it had jurisdiction to revoke Rue's community control, it did not. No community control revocation proceedings were initiated with the court until after his community control expired. And even assuming the December 18, 2017 warrant for Rue's arrest was sufficient to initiate the revocation proceedings, it was not issued until *after* Rue's community control term had already expired.

**{¶37}** The trial court lacked jurisdiction to address Rue's probation violations even though they occurred during his period of community control because no community control revocation proceedings were instituted during his term of supervision. *Yates, supra.* Had the violation proceedings been initiated *before* Rue's community control expired, the trial court would have had jurisdiction to decide whether

9

his community control tolled based on his failure to report or "absconding." *State v. Johnson*, 7th Dist. Mahoning No. 09-MA-94, 2010-Ohio-2533, ¶31.

**{¶38}** Regardless of when the tolling events occur, "when no action is taken to commence a probation violation hearing during the original probation period, the court's subject matter jurisdiction ends when the period of probation ends. See, e.g., *State v. Jackson* (1988), 56 Ohio App.3d 141, 565 N.E.2d 848; *State v. Simpson* (1991), 2 Ohio App.3d 40, 440 N.E.2d 617; *State v. Yates* (1991), 58 Ohio St.3d 78, 567 N.E.2d 1306; and *State v. Sapp* (June 11, 1983), Wood App. No. 92WD094." *In re Walker*, 10th Dist. Franklin No. 02AP-421, 2003-Ohio-2137, ¶20.

**{¶39}** Here, the state did not institute Rue's community control revocation proceedings for his second violation before the end of his term of community control. Thus, the court was without jurisdiction to decide if tolling occurred or sentence Rue to prison, and as such, we are required to reverse and vacate its decision imposing a two-year prison term. *State v. Craig*, 8th Dist. Cuyahoga No. 84861, 2005-Ohio-1194, ¶7.

**{¶40}** The trial court's decision is reversed and vacated.


TIMOTHY P. CANNON, J.

MATT LYNCH, J.

concur.

10