OPINION
{¶ 1} Defendant-appellant, Jeffrey Harrington (hereinafter "Harrington"), appeals the judgment of the Marysville Municipal Court finding him in violation of his probation and ordering him to pay fines and costs. Upon consideration of the issues presented, we affirm.
 {¶ 2} In 1999, Harrington was arrested and charged with menacing by stalking and resisting arrest. These cases were consolidated and Harrington was brought to trial on January 14, 2000. Harrington was subsequently found guilty of both offenses, sentenced to pay fines and costs totaling $1,251.70 and three years probation.
 {¶ 3} On January 9, 2003, five days before Harrington's probation was to expire, Harrington's probation officer filed a notice of probable probation violation in the Marysville Municipal Court because Harrington had failed to pay the entire $1,251.70 in fines and costs. This notice was also mailed to Harrington. A probable cause hearing on the probation violation was set for February 12, 2003.
 {¶ 4} Harrington was present at the probable cause hearing and denied the violation. In fact, Harrington claimed that he had paid all of the fines imposed upon him by the court. Subsequently, a hearing on the merits of the probation violation was set for February 27, 2003.
 {¶ 5} Prior to the hearing on the merits, Harrington filed a motion to dismiss the violation for lack of jurisdiction. Harrington claimed that because the term of his probation had concluded, the trial court no longer had jurisdiction to adjudicate an alleged violation of his probation.
 {¶ 6} A hearing on Harrington's motion to dismiss was held on June 5, 2003. The trial court denied the motion and the probation violation hearing was rescheduled for June 19, 2003.
 {¶ 7} Due to a series of conflicts with the court's docket and the attorneys' schedules, the probation violation hearing was not held until August 5, 2003 at which time, the trial court found Harrington in violation of his probation. The trial court determined that Harrington had failed to pay $541.70 of the fines and costs imposed upon him within the time required by the terms of his sentence and probation. The court ordered Harrington to pay the amount within ninety days of August 5, 2003, subject to thirty days in jail if, at the end of the ninety days, the amount was still owing.
 {¶ 8} It is from this decision that Harrington appeals and asserts two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The lower court lacked both subject matter jurisdiction andjurisdiction over the person of the defendant and thereforefinding he was in violation of his already expired term ofprobation was error (entire transcript).
 {¶ 9} Harrington was convicted on January 14, 2000. His probation was to expire on January 14, 2003. In satisfaction of his probation, he was to behave lawfully and appropriately, timely pay all fines and costs, and notify the court of any change of address or any circumstances that would impair his ability to comply with his probation terms. As stated above, the trial court found Harrington to be in violation of his probation for failure to pay $541.70 of the fines and costs originally imposed on him.
 {¶ 10} Harrington, however, argues that pursuant to the jurisdictional limitation contained in R.C. 2951.09, the trial court no longer had jurisdiction to pursue the collection of fines and costs from him after January 14, 2003, the date on which his probation was set to expire. R.C. 2951.09 states in relevant part, "[a]t the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged."
 {¶ 11} In support of this contention, Harrington relies onDavis v. Wolfe (2001), 92 Ohio St.3d 549, in which the Ohio Supreme Court stated, "[d]ischarge is required even if the alleged probation violation occurred during the probationary period and could have resulted in a valid probation revocation and imposition of sentence if it had been timely prosecuted." (Citation omitted.)
 {¶ 12} Indeed, where no action is taken to institute a probation violation hearing during the period of probation, a trial court thereafter has no jurisdiction to impose sentence.State v. Simpson (1981), 2 Ohio App.3d 40. According to the record in the case sub judice, however, this is not what occurred.
 {¶ 13} A review of the record indicates that a Notice of Probation Violation and Probable Cause Hearing was prepared and sent to Harrington on January 9, 2003, five days before the expiration of his probation. The record also reflects that Harrington called the court on January 14, 2003 in response to this notice and spoke to the Clerk of Courts, Charles Crowley. During that telephone conversation, Harrington claimed that he had paid all the fines associated with the convictions and that he had receipts documenting payment of the fines and costs.
 {¶ 14} The record further establishes that there was no delay in prosecution of Harrington's probation violation. Although the final hearing on the merits of the violation did not occur until August 5, 2003, various delays were due to motions filed by Harrington, the court's docket, and attorney scheduling conflicts.
 {¶ 15} A trial court has the inherent power to interpret and enforce its own order. ARMCO, Inc. v. United Steelworkers ofAm., Richland App. No. 2002CA0071, 2003-Ohio-5368, ¶ 43. It is illogical to contend that if a court has initiated probation violation proceedings before the probation period has expired, that it cannot continue to prosecute after the expiration of the period. Moreover, an actual violation of probation for non-payment of fines and costs would not occur until after the time allotted for payment has expired and the opportunity to pay in a timely manner has passed.[1]
 {¶ 16} Accordingly, we do not find that the municipal court lacked subject matter jurisdiction or in personam jurisdiction to adjudicate Harrington's probation violation, as the violation proceedings were initiated prior to the expiration of the probation period.
 {¶ 17} Appellant's first assignment of error is, therefore, overruled.
 ASSIGNMENT OF ERROR NO. II The findings of the lower court that the defenant [sic] was inviolation of his probation was against the substantial weight ofthe evidence (entire transcript).
 {¶ 18} Harrington argues that there was no evidence presented at the probation violation hearing that notice was sent to or received by him prior to the expiration of his probationary term. He also claims that insufficient evidence was presented regarding the amount owed, as the computer printout from the clerk of court's office indicating the amount outstanding was not properly authenticated.
 {¶ 19} Because a probation violation hearing is not a criminal trial, the evidentiary standard required to support a violation is not as stringent as is required to sustain a criminal conviction. The evidence required to support a violation of probation is not beyond a reasonable doubt; instead, there simply needs to be evidence of a substantial nature. State v.Stockdale (Sept. 26, 1997), Lake App. No. 96-L-172 (citations omitted). "Evidence of a substantial nature" may be satisfied by a preponderance of the evidence standard. State v. Gomez (Feb. 18, 1994), Lake App. No. 93-L-080. Therefore, the state only has to introduce evidence tending to show that it was more probable than not that the probationer violated the terms of his or her probation. Id.
 {¶ 20} Our review of the record indicates that Craig Rush, a probation officer for the Marysville Municipal Court, testified that he prepared a notice of violation and mailed the notice to Harrington on January 9, 2003. The record also demonstrates that on January 14, 2003, Harrington phoned the office of the clerk of court, ostensibly in response to the notice, claiming that he had paid all of the fines and costs associated with his conviction.
 {¶ 21} Harrington also argues that insufficient evidence was presented to determine that he owed a remaining balance. Harrington claims that the evidence submitted by the state, a computer printout from the clerk of court's office, was not properly authenticated.
 {¶ 22} Evid.R. 101(C) specifically excepts application of the Rules of Evidence from probation hearings. The rationale for the exception is that since the hearing is an informal proceeding, not a criminal trial, the trier of fact should be able to consider any reliable and relevant evidence to determine whether the probationer has violated the conditions of his probation.Columbus v. Bickel (1991), 77 Ohio App.3d 26, 36 (citation omitted). Nevertheless, the rules concerning the offering and receiving of evidence in probation hearings have not been relaxed. See State v. Bates (Feb. 22, 1991), Wood App. No. WD-90-29. Thus, evidence admitted in probation hearings must still be properly authenticated and marked as evidence in order to be considered by the trial judge in deciding whether to revoke probation.
 {¶ 23} Evid.R. 901 provides that authentication is a condition precedent to admissibility and is satisfied by evidence "sufficient to support a finding that the matter in question is what its proponent claims." In the case sub judice, probation officer Craig Rush testified that he received the record of Harrington's payment history from the clerk of court's office. Rush testified that the computer printout of Harrington's payment history had been affixed with a stamp, indicating it was a certified and true copy of the original. He further testified that he prepared the original document. We find that Rush's testimony properly authenticated the computer printout for admissibility for purposes of a probation violation proceeding.
 {¶ 24} Based on the record, we find that the evidence was sufficient to support a finding that Harrington had violated the terms of his probation.
 {¶ 25} Harrington further argues that he is indigent and no evidence was presented at the probation violation hearing indicating that his failure to make payment of fines and costs was willful. Without a finding that the failure to pay was willful, Harrington asserts, the trial court may not revoke his probation. In light of the evidence of record, however, Harrington's assertion is without merit.
 {¶ 26} Harrington relies on Bearden v. Georgia (1983),461 U.S. 660, in support of his contention that probation may not be revoked without a finding that a probationer willfully failed to pay. In Bearden, the United States Supreme Court stated:
[I]n revocation proceedings for failure to pay, a sentencingcourt must inquire into the reasons for the failure to pay. Ifthe probationer willfully refused to pay or failed to makesufficient bona fide efforts legally to acquire the resources topay, the court may revoke probation and sentence the defendant toimprisonment within the authorized range of its sentencingauthority. If the probationer could not pay despite sufficientbona fide efforts to acquire the resources to do so, the courtmust consider alternate measures of punishment other thanimprisonment. Only if alternate measures of punishment are notadequate to meet the State's interests in punishment anddeterrence may the court imprison a probationer who has made bonafide efforts to pay. To do so otherwise would deprive theprobationer of his conditional freedom simply because, through nofault of his own, he cannot pay the fine. Such a deprivationwould be contrary to the fundamental fairness required by theFourteenth Amendment. 461 U.S. at 672.
 {¶ 27} We discern a distinction in this case and the other cases relied on by Harrington. In the cases cited by Harrington, a probationer was sentenced to imprisonment for failure to pay. However, in the case sub judice, the trial court did not order Harrington imprisoned for his failure to pay. A review of the record indicates that the trial court did not revoke Harrington's probation, but rather granted Harrington ninety days to pay.
 {¶ 28} Moreover, the record of the probation violation hearing indicates that the trial court took Harrington's financial situation into consideration before determining punishment for the probation violation. The trial court inquired about Harrington's financial resources, whether he was drawing a pension, receiving Social Security disability or other supplemental income, or was employed. In fact, the trial court was very lenient with Harrington. The court first asked Harrington if it would be possible for him to pay the remaining balance within thirty days. Harrington stated it would not. The court then inquired as to the possibility of paying within sixty days. Again, Harrington said that it would be very difficult for him. The court then asked if Harrington could pay the remaining balance within ninety days, to which Harrington replied, "[y]es, that would probably be possible." The court thereby ordered that Harrington was to pay $541.70 within ninety days, but did not imprison him. Harrington's arguments regarding his ability to pay and the court's required findings upon revocation of probation are, therefore, not ripe for discussion in the present appeal.
 {¶ 29} Harrington's second assignment of error is overruled.
 {¶ 30} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.
Judgments affirmed.
Shaw, P.J., and Bryant, J., concur.
[1] In the case sub judice, although the trial court could have required Harrington to pay his costs and fines within a specified period of time of shorter duration than his probation, the trial court failed to do so. Therefore, Harrington was allowed the entire three-year period of his probation to remit payment.