OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Brian D. McKinney appeals the October 10, 2003 Entry entered by the Fairfield County Court of Common Pleas, which revoked his community control and ordered his sentence into execution. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
{¶ 2} On March 18, 1998, appellant plead no contest to and was convicted of complicity to commit involuntary manslaughter. The trial court sentenced appellant to three years in prison. On June 22, 1998, the trial court granted appellant judicial release and placed him on community control for a period of five years, commencing June 22, 1998, and expiring on June 22, 2003.
{¶ 3} On May 28, 2003, the State filed a Motion to Revoke Community Control, alleging appellant had possessed or used illegal drugs in violation of the terms and conditions of his community control. A capias was issued on May 28, 2003. Appellant appeared before the trial court on May 30, 2003, and was served with the capias. The magistrate conducted a hearing and found probable cause existed to find appellant had violated his community control. Appellant was released on a recognizance bond.
{¶ 4} Via Entry filed June 11, 2003, the trial court memorialized the finding of probable cause, and scheduled the matter for a revocation hearing on June 26, 2003. On June 23, 2003, the State filed an amended motion to revoke appellant's community control, alleging appellant had violated the terms of the community control by frequenting establishments which sold intoxicating beverages and/or appellant had possessed or used illegal drugs. The State requested the Clerk issue a capias, which was issued June 24, 2003.[1] Via Notice filed July 7, 2003, the trial court continued the revocation hearing until August 4, 2003. After appellant's former trial counsel withdrew, the trial court granted new counsel's request for a continuance. The trial court set a new date of September 4, 2003. On that date, appellant made an oral motion to dismiss, alleging the trial court did not have jurisdiction. The trial court ordered the parties to submit briefs on the issue on or before September 15, 2003. Via Entry filed September 25, 2003, the trial court denied appellant' motion to dismiss.
{¶ 5} At the revocation hearing, appellant stipulated he had violated the terms of his community control. After hearing the stipulations, evidence, and appellant's mitigation testimony, the trial court revoked appellant's community control and ordered appellant serve the balance of the penal portion of his sentence. The trial court memorialized this decision via Entry filed October 10, 2003.
{¶ 6} It is from this entry appellant appeals, raising as his sole assignment of error:
{¶ 7} "I. The trial court erred when it revoked defendant's community control after the defendant's term of community control had expired."
{¶ 8} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
{¶ 9} "(E) Determination and judgment on appeal.
{¶ 10} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
{¶ 11} "The decision may be by judgment entry in which case it will not be published in any form."
{¶ 12} This appeal shall be considered in accordance with the aforementioned rule.
 I
{¶ 13} Herein, appellant maintains the trial court erred in revoking his community control after the original term had expired. We agree.
{¶ 14} Appellant relies upon the Ohio Supreme Court's decision in Davis v. Wolfe (1992), Ohio St.3d 549, 2001-Ohio-1281. InDavis, the defendant was convicted of six counts of vandalism and three counts of criminal damaging. The trial court sentenced the defendant to an aggregate prison term of six years plus six months in county jail, but suspended the sentence and placed him on probation for five years, commencing on the date of sentencing. The defendant was arrested on a new charge on October 26, 1997, and released on a recognizance bond on November 28, 1997.
{¶ 15} On November 12, 1997, the State filed a motion to revoke the probation. The trial court found probable cause at a hearing on November 28, 1997. The trial court commenced a revocation hearing on March 9, 1998, but continued the matter until final disposition of the new charge. At the hearing, the parties jointly requested the trial court toll the defendant's probationary period, which was scheduled to expire at the earliest on March 26, 1998, pending resolution of the new charge. The trial court issued an Entry relative to these issues on March 10, 1998. On April 26, 1999, after the new charge was resolved, the trial court revoked the defendant's probation and reinstated his original sentence. The defendant filed a writ of habeas corpus to compel the prison warden to release him, claiming the trial court lacked jurisdiction to revoke his probation and reinstate the sentence because his probationary period had expired. The Court of Appeals for Noble County granted the writ and ordered the defendant released. The warden appealed to the Ohio Supreme Court, which affirmed the judgment of the Court of Appeals, holding:
{¶ 16} "R.C. 2951.09 specifies that `[a]t the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged.' Discharge is required even if the alleged probation violation occurred during the probationary period and could have resulted in a valid probation revocation and imposition of sentence if it had been timely prosecuted. Kainev. Marion Prison Warden (2000), 88 Ohio St.3d 454, 455.
{¶ 17} "R.C. 2951.07 provides that the probationary period may be tolled `[i]f the probationer absconds or otherwise absents himself or herself from the jurisdiction of the court without permission from the county department of probation or the court to do so, or if the probationer is confined in any institutionfor the commission of any offense whatever.' (Emphasis added.) If either of the foregoing applies, `the probation period ceases to run until such time as the probationer is brought before the court for its further action.'"
{¶ 18} The Supreme Court concluded because the defendant had not absconded from the jurisdiction of the trial court and the probationary period was only tolled between October 26, 1997, and November 28, 1997, when the defendant was in prison on the new charge, the trial court was without jurisdiction to revoke the defendant's probation and sentence him to his original prison term after the expiration of the probationary period. Id. The Supreme Court disagreed with the warden's assertion the trial court tolled the probationary period on March 10, 1998, when it issued its Entry, continuing the probation revocation matter.
{¶ 19} In the instant action, the trial court found Davis to be distinguishable as the State had initiated the probation revocation proceedings prior to the expiration of appellant's community control. Obviously, the State agrees with the trial court's conclusion, and in support cites this Court to State v.Yates (1991), 58 Ohio St.3d 78, for the proposition, "When a state initiates probation violation proceeding during the original probation period, the trial court retains jurisdiction to impose a suspended sentence once the term of probation expires." Brief of Appellee at 7. We find the State has loosely read the holding of Yates. The Yates Court concluded, "Because the State failed to initiate probation violation proceedings during the original probation period, * * * the trial court lost its jurisdiction to impose the suspended sentences once the term of probation expired." Id. at 80. The State suggests the converse of this is, therefore, Ohio law. We do not agree with such a reading. We find the fact the State initiated the probation violation proceedings during the original probation period does not extend the trial court's jurisdiction once the term of probation has expired. We find Davis applies.
{¶ 20} Accordingly, we find the trial court erred in revoking appellant's probation and sentencing him to the remainder of his prison term.
{¶ 21} Appellant's sole assignment of error is sustained.
{¶ 22} The judgment of the Fairfield County Court of Common Pleas is reversed and appellant is discharged from further proceedings concerning the probation violation charge.
Hoffman, J., Gwin, P.J. and Edwards, J. concur.
[1] There is nothing in the record indicating when the capias was served upon appellant.