DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals the sentence issued by the Wood County Court of Common Pleas, on a violation of the terms of his community control sanction. Because we conclude that the trial court acted without subject matter jurisdiction when it *Page 2 
extended, then revoked, appellant's community control sanction after its expiration, we reverse.
 {¶ 2} On August 14, 2002, appellant, John Miller, obtained an analgesic prescription from a Bowling Green dentist. Appellant filled the original prescription at one pharmacy, but made a copy which he attempted to fill at a second pharmacy. When a pharmacist at the second pharmacy attempted to verify the prescription with the dentist, he was informed that it was a forgery.
 {¶ 3} Appellant was charged with and eventually pled guilty to a violation of R.C. 2925.23 (B)(1), use or possession of a false or forged prescription, a fifth degree felony. On September 24, 2003, the trial court sentenced appellant to a two-year period of community control, including 100 hours of community service, a $500 fine and costs. The court advised appellant that a violation of the conditions of his community control sanction could result in an extension of the order, more restrictive conditions or as much as 11 months imprisonment.
 {¶ 4} On June 20, 2005, the state petitioned the court for revocation of appellant's community control sanction for failure to pay all of his fines and failure to complete any of his community service. At an August 15, 2005 hearing, appellant stipulated to the violation that had been alleged in the revocation petition. At that hearing, the court ordered appellant's bond continued and set October 3, 2005, as the date for resentencing. The state reminded the court that appellant's community control was set to expire prior to that date, but following some discussion, the court maintained the original stated date. *Page 3 
 {¶ 5} At the October 3, 2005 resentencing hearing, the court extended community control for one year and ordered appellant to serve 12 days in the Wood County Justice Center. This, however, was followed by two more petitions for revocation, the last resulting in an order that appellant serve 180 days in the Wood County Justice Center and extending community control sanctions for another year. From this order, appellant now brings this appeal, setting forth the following three assignments of error:
 {¶ 6} "I. The Trial Court lacked subject matter jurisdiction to initially extend Appellant's term of community control, and then to subsequently impose a term of incarceration after that extended term of community control had expired.
 {¶ 7} "II. The Trial Court erred to the prejudice of Appellant by imposing a prison sentence contrary to law and provisions of O.R.C.2929.15 (B) 2929.19 (B)(5).
 {¶ 8} "III. Appellant received ineffective assistance of counsel in violation of his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Constitution of the State of Ohio."
 {¶ 9} In his first assignment of error, citing former R.C. 2951.09 andDavis v. Wolfe (2001), 92 Ohio St.3d 549, 2001-Ohio-1281, appellant insists that, when the trial court failed to impose an extension to his community control sanction prior to the expiration of the time imposed under the community control sanction, it lost the subject matter jurisdiction and, as a result, any subsequent judgment of the court was void.
 {¶ 10} The parties do not dispute that appellant's sentence is subject to the provisions of R.C. 2951.09 (repealed 1-1-04). See R.C. 2951.011
(B) (1). The statute *Page 4 
authorized certain remedies in the event of a probation violation, but provided that "[a]t the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged."[1]
 {¶ 11} In 1993, Richard Davis was convicted of multiple counts of criminal damaging and vandalism for which he received a six and one-half year sentence in a county jail. On March 26, 1993, the court suspended the sentence, placing Davis on probation for five years. On November 12, 1997, the state moved to revoke Davis' probation after he was arrested on a domestic violence charge. On March 9, 1998, two weeks prior to the expiration of Davis' probation, the court continued the probation revocation matter, pending final disposition of the domestic violence charge.
 {¶ 12} The domestic violence charge was eventually dismissed following Davis' completion of a diversion program. When Davis' probation was later revoked for failure to pay restitution, his original sentence was reinstated. In 2000, Davis petitioned for habeas corpus, contending that the trial court lacked jurisdiction to revoke his probation after the expiration of the probationary period. The court of appeals agreed and granted the writ. On the state's appeal, the Ohio Supreme Court affirmed, holding that once the probationary period expired without having been extended, the sentencing court was divested of subject matter jurisdiction. Davis at 552. Absent subject matter jurisdiction, *Page 5 
the sentencing court was simply without authority to either extend or revoke Davis' probation. Id.
 {¶ 13} The state responds, citing State v. Harrington, 3d Dist. No. 14-03-34, 2004-Ohio-1046. in which the appeals court held, at ¶ 15, that a sentencing court possessed inherent power to enforce its own order and that it was sufficient that a probation revocation proceeding had been instituted prior to expiration. The state insists that since the sanction revocation proceeding here was instituted prior to the expiration of the community control sanction, we should followHarrington and find that the sentencing court acted within its inherent authority. But, see, State v. Lawless, 5th Dist. No. 03 CA 30, 2004-Ohio-5344 and State v. McKinney, 5th Dist. No. 03 CA 083,2004-Ohio-4035, following Davis.
 {¶ 14} This court's adherence to the pronouncements of the Supreme Court of Ohio are not optional. Bisel v. Ward (Mar. 24, 1996), 6th Dist No. H-95-046. We are bound to follow the dictates of that court when it has addressed an issue. Gray v. Estate of Barry (1995),101 Ohio App.3d 764, 767.
 {¶ 15} We find nothing to distinguish the present matter fromDavis, or for that matter, Harrington. In each instance, the revocation procedure was instituted prior to the expiration of the probationary period, but not extended or revoked until after the period expired. Following Davis, as we must, we can only conclude that the trial court acted without subject matter jurisdiction when it extended, then revoked, appellant's community control sanction after the expiration of its initial period. Accordingly, *Page 6 
appellant's first assignment of error is well-taken. As a result, his remaining assignments of error are moot.
 {¶ 16} On consideration whereof, the judgment of the Wood County Court of Common Pleas is reversed. This matter is remanded to said court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., Concur.
[1] Although community control sanctions are not exactly the same as probation, see State v. Griffin (1998), 131 Ohio App.3d 696, 697-698, when a court imposes community control sanctions in felony sentencing, the same principles apply. See State v. Talty, 9th Dist. No. 02CA0087-M, 2003-Ohio-3161, ¶ 13. *Page 1