OPINION
{¶ 1} Plaintiff-appellant, Brian McKinney, appeals from a judgment of the Fairfield County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Fairfield County Probation Officer Angel Hartley, Fairfield County Prosecutor David Landefeld, Fairfield County Sheriff Dave Phalen, and the Fairfield County Commissioners. For the reasons that follow, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} In March 1998, appellant pled no contest to and was convicted of complicity to commit involuntary manslaughter. See State v.McKinney, Fairfield App. No. 03CA083, 2004-Ohio-4035. Appellant was sentenced to three years in prison. On June 22, 1998, appellant was granted judicial release and was placed on community control for a period of five years, commencing June 22, 1998, and expiring on June 22, 2003. On May 28, 2003, the State of Ohio moved for a revocation of community control based on appellant's violation of the terms and conditions of his community control. Ultimately, by entry filed October 10, 2003, the trial court revoked appellant's community control and ordered appellant to serve the balance of his prison sentence. See id.
 {¶ 3} Appellant appealed to this court, arguing that the trial court erred in revoking his community control after the expiration of his term of community control. This court agreed and reversed the judgment of the trial court. See id. The Supreme Court of Ohio declined the state's request that it accept jurisdiction. State v. McKinney,104 Ohio St.3d 1439, 2004-Ohio-7033.
 {¶ 4} On May 6, 2005, appellant filed a complaint against the above-listed appellees as well as the Fairfield County Probation Department. Appellant alleged false imprisonment and a Section 1983, Title 42, U.S. Code claim as a result of the revocation of his community control and corresponding imposition of the remainder of his prison sentence. The matter was removed to the United States District Court, Southern District of Ohio. The district court granted judgment in favor of all the defendants on appellant's federal law claims. The district court declined to exercise jurisdiction over appellant's state law claims and remanded these claims to the Fairfield County Court of Common Pleas. *Page 3 
 {¶ 5} In August 2007, appellees Hartley, Landefeld, Phalen, and the Fairfield County Commissioners moved for summary judgment, arguing that they were entitled to immunity pursuant to R.C. Chapter 2744 and Ohio common law. Appellant filed a memorandum in opposition to the motion for summary judgment and attached an affidavit of the attorney who represented him in connection with the community control revocation proceeding in the criminal case. On November 28, 2007, the trial court granted the motion for summary judgment, and appellant appeals to this court from this judgment.[1]
 {¶ 6} In this appeal, appellant sets forth the following "proposition of law," which we construe as appellant's single assignment of error:
 SUMMARY JUDGMENT BASED UPON POLITICAL SUBDIVISION IMMUNITY IS IMPROPER WHEN THERE ARE GENUINE ISSUES OF MATERIAL FACT REGARDING THE WANTON, RECKLESS, OR INTENTIONAL NATURE OF APPELLEES' CONDUCT.
 {¶ 7} Appellate review of summary judgment motions is de novo.Andersen v. Highland House Co., 93 Ohio St.3d 547, 548, 2001-Ohio-1607. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc *Page 4 Corp. (1997), 122 Ohio App.3d 100, 103. Civ. R. 56(C) provides that a trial court must grant summary judgment when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Gilbert v. Summit Cty., 104 Ohio St.3d 660, 2004-Ohio-7108, at ¶ 6.
 {¶ 8} In this appeal, appellant challenges the trial court's determination that appellees Hartley, Landefeld, Phalen, and the Fairfield County Commissioners are entitled to immunity for actions taken in connection with the revocation of appellant's community control. Appellant argues that there are genuine issues of material fact as to whether appellees acted with malicious purpose, in bad faith, or in a wanton or reckless manner. Thus, according to appellant, summary judgment in favor of appellees was inappropriate.
 {¶ 9} Pursuant to R.C. 2744.03(A)(6), in addition to any immunity or defense referred to in R.C. 2744.03(A)(7), an employee, as defined in R.C. 2744.01(B), [2] is immune from liability unless one of the following applies: "(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; [or] (c) Civil liability is expressly imposed upon the employee by a section of the Revised Code." R.C. 2744.03(A)(7) provides as follows: "The political subdivision, and an employee who is a county prosecuting *Page 5 
attorney, city director of law, village solicitor, or similar chief legal officer of a political subdivision, an assistant of any such person, or a judge of a court of this state is entitled to any defense or immunity available at common law or established by the Revised Code."
 {¶ 10} As to appellee Landefeld, R.C. 2744.03(A)(7) clearly applies, due to his status as the county prosecuting attorney. Thus, we must determine whether any defense or immunity available at common law is applicable. It is well established under common law that "prosecutors are considered `quasi-judicial officers' entitled to absolute immunity granted judges, when their activities are `intimately associated with the judicial phase of the criminal process.'" Willitzer v. McCloud
(1983), 6 Ohio St.3d 447, 449, quoting Imbler v. Pachtman (1976), 424 U.S. 409, 430, 96 S.Ct. 984. In other words, "a prosecutor enjoys absolute immunity against suit for actions which are performed pursuant to his or her function as advocate for the state." Richard v. Rice
(1993), 91 Ohio App.3d 199, 201, citing Imbler. However, absolute immunity does not extend to a prosecutor engaged in essentially investigative or administrative functions. Willitzer. For these functions, the prosecutor has qualified immunity. Id. Here, the prosecutor, in pursuing the revocation of appellant's community control, was acting as an advocate for the state. See Spurlock v. Thompson
(C.A.6, 2003), 330 F.3d 791. Thus, prosecutor Landefeld was entitled to absolute immunity for his actions in pursuing the revocation of appellant's community control.
 {¶ 11} Appellee Hartley asserts that, as a probation officer, she is an officer of the court and is entitled to "quasi-judicial" immunity under R.C. 2744.03(A)(7) just as the prosecutor. Caselaw from the Eighth and Eleventh District Courts of Appeals supports *Page 6 
the idea that a probation officer is entitled to absolute immunity for actions taken within the scope of employment. See McCormick v.Carroll, Cuyahoga App. No. 83770, 2004-Ohio-5969; Clover v. Joliff, Trumbull App. No. 2001-T-0135, 2002-Ohio-5161, at ¶ 19; Clark v.Eskridge (1991), 77 Ohio App.3d 524, 529. These courts have reached this conclusion even though R.C. 2744.03(A)(7) does not appear to include probation officers as persons who are entitled to any defense or immunity available at common law. Nonetheless, we need not reach the issue of whether probation officers are entitled to absolute immunity for actions taken within the scope of employment. Regardless of whether Hartley was entitled to absolute immunity granted under common law, she was entitled to immunity pursuant to R.C. 2744.03(A)(6).
 {¶ 12} As set forth above, R.C. 2744.03(A)(6) provides that an employee, as defined in R.C. 2744.01(B), is immune from liability unless the employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities, the employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner, or civil liability is expressly imposed upon the employee by a section of the Revised Code.
 {¶ 13} In this appeal, appellant argues that there were genuine issues of material fact as to whether probation officer Hartley acted with malicious purpose, in bad faith, or in a wanton or reckless manner. Appellant essentially reasons that because Hartley was part of the process that led to appellant's imprisonment after the revocation of his community control, which included the misinterpretation and/or misapplication of Ohio law, then it would be reasonable to conclude that she acted recklessly or maliciously. *Page 7 
Appellant does not allege that Hartley acted outside the scope of her employment, or that civil liability is expressly imposed upon her by a section of the Revised Code.
 {¶ 14} In support of his argument that genuine issues of material fact exist in this case, appellant points to the affidavit of his counsel, R.C. Stoughton, who represented him in the community control revocation proceeding. Mr. Stoughton's affidavit presents his observations concerning the conduct of the assistant county prosecutors who were advocating for the revocation of appellant's community control. As noted above, prosecutors are entitled to absolute immunity for actions which are performed pursuant to their function as advocates for the state. As to Hartley, the affidavit contains no observation relating to her conduct.
 {¶ 15} It is undisputed that appellant violated the terms of his community control. R.C. 2929.15(A)(2)(b) requires a probation department that is supervising an offender to report a violation to the sentencing court. Thus, R.C. 2929.15(A)(2)(b) required probation officer Hartley, who was acting on behalf of the probation department, to report the violation. Appellant failed to present any evidence to show that Hartley did anything other than what the law requires. Given these undisputed facts, we find that no reasonable person could conclude that Hartley acted with malicious purpose, in bad faith, or in a wanton or reckless manner. Therefore, we also find that the trial court correctly determined that Hartley was entitled to immunity.
 {¶ 16} Appellant argues that sheriff Phalen was not entitled to immunity because he acted with malicious purpose, in bad faith, or in a wanton or reckless manner, by taking appellant into custody and continuing his incarceration beyond the date his community control term expired. *Page 8 
 {¶ 17} Appellant's claim against Phalen was for false imprisonment. The common law tort of false imprisonment cannot be maintained if the wrong complained of is imprisonment in accordance with the judgment or order of a court, unless it appears that such judgment or order is void. See Bennett v. Ohio Dept. of Rehab. Corr. (1991), 60 Ohio St.3d 107,111, citing Diehl v. Friester (1882), 37 Ohio St. 473, 475. Officers of the court are entitled to civil immunity when the officers are merely complying with an order of the court which appears valid on its face.Wholesale Elec. Supply, Inc. v. Robusky (1970), 22 Ohio St.2d 181.
 {¶ 18} Here, appellant was arrested by the sheriff after a capias was issued in June 2003. Upon revoking appellant's community control in October 2003, the trial court issued a commitment order directing the sheriff to incarcerate appellant until the issuance of an entry to convey him to a detention or treatment facility. Although appellant challenges the conduct of the sheriff, he does not assert that either the capias or the commitment order was facially invalid. In sum, appellant presented no evidence indicating that sheriff Phalen did anything but follow the instructions of facially valid orders of the trial court. Therefore, no reasonable person could conclude that Phalen acted with malicious purpose, in bad faith, or in a wanton or reckless manner by arresting and incarcerating appellant. Consequently, we find that the trial court properly granted summary judgment in favor of Phalen.
 {¶ 19} Lastly, we address appellant's claim that the trial court erred in granting summary judgment in favor of the Fairfield County Commissioners. At oral argument, appellant's counsel asserted that the claim against the Fairfield County Commissioners was premised on the alleged liability of the other appellees. Because appellant's claim *Page 9 
against the Fairfield County Commissioners was solely based on the alleged liability of the other defendants, and because we have determined that the trial court did not err in finding in favor of the other defendants, we further resolve that the trial court did not err in finding in favor of the Fairfield County Commissioners.
 {¶ 20} Based on the foregoing, we conclude that the trial court did not err in finding that there is no genuine issue of material fact and that appellees are entitled to judgment as a matter of law. Consequently, we further conclude that the trial court properly granted summary judgment in favor of appellees. Accordingly, we overrule appellant's single assignment of error and affirm the judgment of the Fairfield County Court of Common Pleas.
Judgment affirmed.
 BROWN and TYACK, JJ., concur. *Page 10 JUDGMENT ENTRY
For the reasons stated in the opinion of this court, appellant's single assignment of error is overruled and it is the judgment and order of this court that the judgment of the Fairfield County Court of common Pleas is affirmed.
KLATT, J., BROWN TYACK, JJ.
[1] Although the trial court's opinion and order granting summary judgment did not expressly resolve appellant's claim against the Fairfield County Probation Department, and does not state "there is no just reason to delay," see Civ. R. 54(B), this omission does not prevent the judgment from being a final appealable order. Appellant's false imprisonment claim against the Fairfield County Probation Department was solely based on the actions of Fairfield County Probation Officer Hartley, who the trial court found to have immunity as to appellant's claim of false imprisonment. In granting summary judgment in favor of Hartley, the trial court also essentially determined that there was no evidence to support Hartley's alleged liability. Considering the allegations in this case, the finding that there was no evidence that Hartley, in her role as a probation officer for the Fairfield County Probation Department, engaged in any misconduct, effectively renders moot appellant's claim against the probation department. Thus, appellant has appealed from a final appealable order. See General Acc. Ins. Co. v.Ins. Co. of N. Am. (1989), 44 Ohio St.3d 17, 21 (stating that "even though all the claims or parties are not expressly adjudicated by the trial court, if the effect of the judgment as to some of the claims is to render moot the remaining claims or parties, then compliance with Civ. R. 54[B] is not required to make the judgment final and appealable."); see, also, Wise v. Gursky (1981), 66 Ohio St.2d 241.
[2] In pertinent part, R.C. 2744.01(B) provides that an "`[e]mployee' means an officer, agent, employee, or servant, whether or not compensated or full-time or part-time, who is authorized to act and is acting within the scope of the officer's, agent's, employee's, or servant's employment for a political subdivision. * * * `Employee' includes any elected or appointed official of a political subdivision." *Page 1