DECISION AND JUDGMENT
{¶ 1} This matter is pending before the court on respondent's motion for summary judgment, filed in accordance with 6th Dist. Loc. App. R. 6. In support of summary judgment, respondent asserts that the trial court's contested attempt to exercise jurisdiction against petitioner was proper. Respondent contends that filing notice of a probation probable cause hearing after the expiration of a probation term never revoked or extended did not contravene its subject matter jurisdiction. For the reasons set forth *Page 2 
below, this court denies respondent's motion for summary judgment and grants petitioner's writ of prohibition.
 {¶ 2} The following undisputed facts are relevant to consideration of the summary judgment issues. On June 22, 2005, in a Perrysburg Municipal Court case captioned, TRC-05-3689, petitioner entered a guilty plea to one misdemeanor count of DUI, in violation of R.C. 4549.02. Petitioner was sentenced to a 93 day term of incarceration, with 90 days of the sentence suspended. In addition, as specifically relevant to summary judgment, respondent imposed a three-year term of probation upon petitioner. Probation commenced on June 22, 2005.
 {¶ 3} The uncontroverted evidence establishes that prior to June 22, 2008, petitioner's otherwise finite term of probation was not extended or revoked. The uncontroverted evidence also establishes that prior to June 22, 2008, no action was announced and no filing was commenced alleging a probation violation by petitioner so as to conceivably extend the finite, three-year term of probation imposed by respondent against petitioner.
 {¶ 4} The undisputed evidence further establishes that on June 30, 2008, eight days after petitioner's probation expired, the trial court issued a summons for a probable cause hearing alleging that petitioner had committed a probation violation approximately five months earlier, on February 6, 2008.
 {¶ 5} On December 31, 2008, petitioner filed a writ of prohibition against respondent. Petitioner asserted that respondent's requisite subject matter jurisdiction *Page 3 
pertaining to TRC-05-3689 expired on June 22, 2008, thus barring the exercise of purported jurisdiction in any action related to TRC-05-3689 commenced subsequent to the probation period expiration on June 22, 2008.
 {¶ 6} On February 9, 2009, respondent filed an answer to the petition for writ of prohibition. In the answer, respondent denied that petitioner's probation period had expired and advanced an argument that probation was effectively terminated as of June 23, 2008. Respondent asserts that petitioner's probation should be legally considered revoked on February 6, 2008, prior to either a summons alleging a probation violation being issued and prior to conducting an actual probation violation hearing through which the legal determination would be made as to whether or not probable cause of a probation violation had been established.
 {¶ 7} On December 9, 2009, simultaneous to filing an answer, respondent filed a motion for summary judgment on the subject matter jurisdiction dispute pursuant to 6th Dist. Loc. App. R. 6. In both the summary judgment motion and also throughout the course of this case, respondent contends that the applicable determinative statute, R.C. 2951.07, should be construed as actually establishing a five-year probationary period applicable to all cases, regardless of a term lesser in duration being explicitly imposed by the trial court within the permissible statutory range. Respondent concedes that there is an absence of case law that would support such a contention. Respondent nevertheless asserts that such a statutory interpretation is reasonable. *Page 4 
 {¶ 8} On January 1, 2004, the relevant, determinative statute, R.C. 2951.07, went into effect. R.C. 2951.07 expressly states and establishes that, "a community control sanction continues for the period that the judge or magistrate determines and, subject to the five-year limitation specified in section 2929.25 of the Revised Code, may be extended."
 {¶ 9} As applicable to the instant case, it is uncontroverted that a three-year term of probation was explicitly imposed by respondent upon petitioner. As such, the focus of our analysis must be centered upon a determination of whether the plain language of R.C. 2951.07 can reasonably be construed so as to enlarge an express term of probation by operation of law to exceed three years in a case where the probation was not extended, revoked, nor was legal notice initiating a probation violation hearing commenced prior to the expiration of an explicit three-year term imposed by the trial court.
 {¶ 10} The veracity of respondent's assertion claiming the ongoing existence of subject matter jurisdiction despite the expiration of an express term of three years is clearly rooted in statutory interpretation. As we have consistently held, when the relevant statutory language is plain and unambiguous, it conveys a definite, indisputable meaning. As such, any necessity for an appellate court to apply the rules of statutory interpretation is negated. Perrysburg Twp.v. Rossford Arena Auth., 175 Ohio App.3d 549, 2008-Ohio-363.
 {¶ 11} We have carefully scrutinized, reviewed, and considered the precise language employed in R.C. 2951.07. We find that the language is indisputably clear, *Page 5 
precise, and unambiguous upon application to this case. The language establishes that a term of probation continues only for the duration of the precise term initially imposed and for the precise term of any timely imposed extensions, conditioned solely upon the total aggregate term of probation not exceeding a five-year period.
 {¶ 12} The evidence establishes that respondent imposed a three-year term of probation upon petitioner. The evidence also shows that this three-year term of probation commenced on June 22, 2005. The evidence establishes that prior to June 22, 2008, respondent neither revoked nor extended petitioner's term of probation and that prior to June 22, 2008, no summons and notice of an allegation necessitating a probable cause probation violation hearing against petitioner was issued.
 {¶ 13} Significantly, this court has held that even in instances where the revocation or extension procedure was instituted prior to expiration of the probationary term, but not completed until after expiration of the term of probation, there was no subject matter jurisdiction.State v. Miller, 6th Dist. No. WD-06-086, 2007-Ohio-6364.
 {¶ 14} Pursuant to the plain and unambiguous meaning of R.C. 2951.07, petitioner's probation continued from June 22, 2005 until June 22, 2008. We find that no construction of R.C. 2951.07 would warrant modification, through enlargement, of petitioner's term of probation in the absence of its extension or revocation prior to its original term expiration. Reasonable minds can only conclude that respondent's subject matter jurisdiction in TRC-05-3689 ceased as of June 23, 2008. As such, there is no genuine issue of material fact that respondent did not possess the requisite subject matter *Page 6 
jurisdiction to issue a summons and commence a probable cause probation violation hearing against petitioner after June 22, 2008.
 {¶ 15} Respondent's proposed statutory interpretation does not comport with the plain and unambiguous meaning of the relevant statutory language. Wherefore, respondent's motion for summary judgment is found not well-taken and is denied.
 {¶ 16} Based upon, and in conjunction with, our summary judgment determination, petitioner's writ of prohibition barring any further action against him in connection to TRC-05-3689 is granted. Respondent was divested of the requisite subject matter jurisdiction in said case as of June 23, 2008. Respondent is order to pay the costs of this matter pursuant to App. R. 24. Judgment for the clerk's expense incurred in this matter, fees allowed by law, and the filing fee is awarded to Wood County.
PETITION GRANTED.
 {¶ 17} To the Clerk of Court:
 {¶ 18} The Sheriff of Wood County shall immediately serve upon the respondent by personal service a copy of this Writ of Prohibition pursuant to R.C. 2725.11.
 {¶ 19} The clerk is further directed to immediately serve upon all other parties a copy of this Writ of Prohibition in a manner prescribed by Civ. R. 5(B).
 {¶ 20} It is so ordered. *Page 7 
Mark L. Pietrykowski, J., Arlene Singer, J., and Thomas J. Osowik, J., concur. *Page 1