[Cite as *State v. Munoz*, 2023-Ohio-1896.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

      Plaintiff-Appellee,            :

                                      No. 112007

      v.                              :

ERIC MUNOZ,                             :

      Defendant-Appellant.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 8, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-626156-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carl M. Felice, Assistant Prosecuting Attorney, *for appellee*.

Patituce & Associates, LLC, Joseph C. Patituce, Megan M. Patituce, and Erin M. Branham, *for appellant*.

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Defendant-appellant, Eric Munoz, appeals from the trial court's judgment finding him in violation of community-control sanctions and sentencing him to 18 months in prison. Finding no merit to the appeal, we affirm.

## I. Background

{¶ 2} In 2018, in Cuyahoga C.P. No. CR-18-626156, Munoz was indicted in a five-count indictment on one count each of drug possession, having weapons while under disability, carrying concealed weapons, improperly handling firearms in a motor vehicle, and possessing criminal tools. Under a plea agreement, Munoz pleaded guilty to improperly handling firearms in a motor vehicle with a forfeiture specification, in violation of R.C. 2923.16(B), a fourth-degree felony, and the remaining counts were nolled. The trial court sentenced Munoz to 18 months of community-control sanctions and advised him that if he violated the terms of his probation, he could be sentenced to 18 months in prison. Tr. 32.

{¶ 3} Subsequently, on four separate occasions, the trial court found Munoz in violation of the terms of his community-control sanctions. Each time, the trial court placed him back on probation with an extended probation term. On September 7, 2022, the trial court again found Munoz in violation of his community-control sanctions as a result of his convictions by a jury in Cuyahoga C.P. No. CR-20-648577 on one count each of gross sexual imposition and endangering children. The trial court terminated Munoz's community-control sanctions and sentenced him to 18 months in prison to be served consecutive to the three-year prison sentence imposed in CR-648577. This appeal followed.

## II. Law and Analysis

### A. Ineffective Assistance of Counsel

**{¶ 4}** During the combined probation violation and sentencing hearing, defense counsel stated that he would stipulate to Munoz's probation violation. Tr. 76. In his first assignment of error, Munoz contends that counsel's stipulation deprived him of his constitutional right to effective assistance of counsel.

**{¶ 5}** The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. The United States Supreme Court has recognized that "the right to counsel is the right to effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶ 6}** To establish ineffective assistance of counsel, a defendant must demonstrate (1) that counsel's performance fell below an objective standard of reasonable performance, and (2) that he was prejudiced by the deficient performance such that but for counsel's error, the result of the proceedings would have been different. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-854 N.E.2d 1038, ¶ 205, citing *Strickland* at 687-688. In evaluating a claim of ineffective assistance of counsel, reviewing courts should "indulge a strong presumption" that counsel's performance fell within the wide range of reasonable professional assistance. *State v. Houston*, 8th Dist. Cuyahoga No. 108156, 2019-Ohio-4787, ¶ 13, citing *Strickland* at 689.

{¶ 7} The evidence required to support a probation violation "simply needs to be evidence of a substantial nature," which may be satisfied by a preponderance of the evidence standard. *State v. Harrington,* 3d Dist. Union Nos. 14-03-34 and 14-03-35, 2004-Ohio-1046, ¶ 19; "Therefore, the state only has to introduce evidence tending to show that it was more probable than not that the probationer violated the terms of his or her probation." *Id.*; *see also State v. Reese*, 8th Dist. Cuyahoga No. 109055, 2020-Ohio-4747, ¶ 21 (the evidence necessary to establish a probation violation and revoke community control is "substantial" evidence).

{¶ 8} The evidence establishing Munoz's probation violation was more than merely substantial evidence; the conduct underlying his violation had been proved beyond a reasonable doubt by the jury's convictions in CR-648577. Thus, despite Munoz's argument that counsel should have contested the probation violation, there was no legitimate basis upon which counsel could have disputed the already-proven violation. In fact, the trial court could have considered any challenge to the obviously proven violation to be demonstrative of Munoz's failure to show remorse or accept responsibility for his actions and increased his sentence accordingly. *See State v. Caver*, 8th Dist. Cuyahoga No. 91443, 2009-Ohio-1272, ¶ 122 (whether an offender shows genuine remorse is a factor for the court to consider at sentencing under R.C. 2929.12(D)(5)); *State v. Lawrence*, 12th Dist. Butler Nos. CA-2017-06-078 and CA-2019-03-178 (at sentencing, courts may properly consider a defendant's lack of remorse or failure to take responsibility for his actions).

{¶ 9} It is apparent that counsel acted reasonably in conceding the probation violation and focusing instead at the sentencing hearing on mitigating Munoz's sentence. *See* tr. 80-84 (where counsel argued that the court should consider a community control sanction instead of prison because Munoz was gainfully employed, had support from his family, and would benefit from sex offender treatment, which he could not get in prison).

{¶ 10} Because Munoz has not demonstrated that counsel's performance fell below an objective standard of reasonable representation — the first prong of the *Strickland* test — we need not consider whether he was prejudiced by counsel's performance. *State v. Copeland*, 8th Dist. Cuyahoga No. 102952, 2016-Ohio-1537, ¶ 40 (the failure to prove one prong of the *Strickland* two-part test makes it unnecessary for a court to consider the other prong). The first assignment of error is overruled.

## B. The Trial Court's Finding of a Probation Violation

{¶ 11} In his second assignment of error, Munoz asserts that the trial court erred in finding him to be in violation of his community-control sanctions. Other than asserting that the trial court "erred in multiple ways" in CR-648577, he makes no argument to support his contention that the trial court erred in finding him in violation of his community-control sanctions in this case, nor does he point to anything in the record or offer any legal analysis to support his argument.

{¶ 12} It is fundamental that the appellant bears the burden of affirmatively demonstrating error on appeal. *Catudal v. Catudal*, 10th Dist. Franklin No. 14AP-

749, 2015-Ohio-1559, ¶ 23, citing *Pennant Moldings, Inc. v. C&J Trucking Co.*, 11 Ohio App.3d 248, 251, 464 N.E.2d 175 (12th Dist.1983). Under App.R. 16(A)(7), an appellant "must present [his or] her contentions with respect to each assignment of error presented for review, in addition to the reasons in support of those contentions, with citations to the authorities, statutes, and parts of the record upon which [the appellant] relies." *Catudal* at *id.* "Absent the foregoing, unsubstantiated assertions will not be considered on appeal." *Id.* It is not appropriate for this court to construct legal arguments in support of an appellant's appeal, *id.*, and "we are not obliged to scour the record in search of evidence to support an appellant's assignment of error." *State v. Patterson*, 2017-Ohio-8318, 99 N.E.3d 970, ¶ 37 (8th Dist.).

{¶ 13} Munoz has not presented any record evidence or reasons in support of the argument advanced in his second assignment of error. Thus, we need not consider his assignment of error. Nevertheless, we note that in a contemporaneous decision, this court affirmed Munoz's convictions for gross sexual imposition and endangering children in CR-648577, upon which his probation violation in this case was based. *See State v. Munoz*, 8th Dist. Cuyahoga No. 112006, ___-Ohio-___. Accordingly, there is no merit to Munoz's argument and the second assignment of error is overruled.

{¶ 14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
SEAN C. GALLAGHER, J., CONCUR